IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD ZANE HILL | § | |
|     TDCJ-CID #680838 | § | |
| V. | § | C.A. NO. C-06-247 |
| | § | |
| GARY COLEMAN, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pending is plaintiff's motion for preliminary injunctive relief (D.E. 7). For the reasons stated herein. plaintiff's request is denied.

### I. Jurisdiction

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff consented to proceed before a magistrate judge, (see D.E. 6), and by order of reassignment entered June 30, 2006, the case was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings, including entry of final judgment (D.E. 9).

### II. Background facts

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. Plaintiff claims that on June 1, 2006, he was standing in the commissary line, when Sergeant Coleman began to get agitated and ordered he be handcuffed. Officer Cantu handcuffed plaintiff, and Officer Pinney then threatened him with bodily harm, stating: "You know what time it is now, we are going to turn your ass upside down." Officer Cantu then slammed plaintiff into the grill of a window, and threw him onto the floor. Plaintiff claims that Captain Maldonado "observed the entire incident but took no action to stop the officers...".

Approximately thirty to forty minutes after the incident, plaintiff was taken to the infirmary

and he filed a life in danger ("LID") complaint. Plaintiff claims he also filed I-60s and grievances against the officers.

Plaintiff filed this lawsuit on June 13, 2006 claiming excessive force and failure to protect, and seeking an immediate transfer off the McConnell Unit (D.E. 1). On June 23, 2006, he filed the instant motion for injunctive relief (D.E. 7). Plaintiff states that his life is in danger because defendants might lose their jobs over the June 1 incident, and therefore, they are out for revenge against him.

A hearing was held on August 3, 2006. At the hearing, plaintiff testified that defendants are threatening and harassing him. He claims that on June 16, 2006, Officer Pinney came to his cell and told him that he had not forgotten about him. He claims that on June 17, 2006, Captain Maldonado confronted him about filing a grievance against him, and then gave him a disciplinary case for not having a pass. He claims that on June 25, 2006, Sergeant Coleman enticed him into a fight, and that he then got served with a disciplinary case. He claims that on June 30, 2006, Sergeant Coleman called him a "black faggot mouse" and took his I.D. On July 27, Officer Cantu repeatedly told him that he was going to "crack his head."

Plaintiff claims that, since the June 1, 2006 assault, he has continued to received threats from the defendants. He claims that he has filed a life in danger complaint with prison officials, but has obtained no relief. He seeks only immediate injunctive relief.

### III. Discussion

To obtain a preliminary injunction under FED.R.CIV.P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury

outweighs any damage that the injunction might case the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's motion fails to warrant such an extraordinary remedy. First, although plaintiff argues that he is not safe, he complains only of verbal threats and harassment. Claims of verbal abuse are not actionable under § 1983. Calhoun v. Hargrove, 312 F.3d 730 (5th Cir. 2002). Such claims fail to demonstrate the objective component of conditions so serious as to deprive an inmate of the minimal measure of life's necessities. Id.

On the second factor, plaintiff fails to establish irreparable injury if the injunction is not granted. Again, mere threats and verbal abuse, while unpleasant, do not amount to irreparable injury. Moreover, plaintiff testified that defendants are under strict scrutiny and may, in fact, be fired as a result of the June 1 incident. If anything, any risk of injury to plaintiff at this time is less due to the heightened scrutiny that defendants are under. Plaintiff has no evidence to suggest that he is at risk of suffering any physical injury, nor do his allegations suggest any indication of "actual injury." Thus, there is no threat of irreparable injury.

Third, because there is no evidence of injury, to require prison officials to transfer an inmate based on allegations that certain officers are engaging in verbal threats and harassment would be an unreasonable interference with the administration and management of the prison. See Kahey v. Jones, 836 F.F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day prison operations). Moreover, interference with prison operations in such

circumstances would not be in the public's interest as it would be a waste of judicial resources micro-managing prison affairs. Similarly, plaintiff's request to be transferred off the McConnell Unit would amount to impermissible and unnecessary interference with prison operations. See Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976) (prison officials have broad discretion, free from judicial interference, in determining prisoner assignments).

Plaintiff has sought injunctive relief in his original complaint and, should he ultimately prevail on his Eighth Amendment claims, he can seek injunctive relief at that time. For these reasons, plaintiff's motion for a preliminary injunction (D.E. 7) is DENIED.

ORDERED this 28th day of August, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE